Christopher D. Banys (State Bar No. 230038)
Richard C. Lin        (State Bar No. 209233)
Jennifer L. Gilbert   (State Bar No. 255820)
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
BANYS, P.C.
1030 Duane Avenue
Santa Clara, CA 95054
Telephone:  (650) 308-8505
Facsimile:  (650) 353-2202

Attorneys for Plaintiff and the Proposed Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JORGE BERMUDEZ, as an individual, and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 5:18-cv-04312<br><br>**PLAINTIFF'S CLASS ACTION COMPLAINT**<br><br><br>Jury Trial Demanded |

Plaintiff JORGE BERMUDEZ brings this class action on behalf of himself and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights.  The defendants violated the representative plaintiff's constitutional rights by, among other things, forcing him to pay union fair share service fees and/or agency fees as a condition of his employment.  Plaintiff on behalf of himself and all others similarly situated allege as follows:

## THE PARTIES

1. Plaintiff Jorge Bermudez ("Plaintiff") is an individual residing in Milpitas, California. Since 2007, Plaintiff has been employed by Defendant County of Santa Clara ("the County") in the Department of Employment and Benefit Services ("DEBS"). Plaintiff is paid by the County and is, and has been, a "public employee" within the meaning of California Government Code § 3501(d) at all relevant times hereto.

2. The County is a charter county organized and existing under the laws of the State of California. The County is a "public agency" pursuant to California Government Code § 3501(c), and has offices at 70 West Hedding Street, San Jose, California.

3. Defendant Service Employees International Union, Local 521 ("Local 521") is a labor union that represents workers in the Bay Area and California's Central Valley, including public-sector employees who are employed by the County. Local 521 is an "employee organization" pursuant to California Government Code § 3501(a) and is the "recognized employee organization," as defined by California Government Code § 3501(b), for Plaintiff and other similarly situated employees of the County as well as other public-sector employees in California. On its website at www.seiu521.org, Local 521 states that it represents around 40,000 public, nonprofit, and private-sector workers. Local 521 has regional offices in San Jose, California, among other places in this judicial district.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises out of Plaintiff's and the proposed class' deprivation of rights under the Constitution of the United States. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1367 and 2201.

5. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more of the defendants reside in this judicial district and all defendants are residents of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of this action is situated, in this judicial district.

6. Intra-district assignment is proper in San Jose pursuant to Local Rules 3-2(c) and (e) because a substantial part of the events or omissions which give rise to Plaintiff's claims occurred in Santa Clara County.

**FACTUAL BACKGROUND**

7. Local 521 is the exclusive bargaining representative for many public-sector employees in California, including but not limited to employees of the County who work in DEBS as well as other units of the County. As such, Local 521 collects fair share service fees or agency fees from all employees that it represents, regardless of whether the employee chooses to be a member of Local 521, and regardless of whether the employee has consented to pay the fees. These fair share service fees or agency fees are typically deducted automatically from the employees' paychecks, in accordance with collective bargaining agreements that the public-sector employers such as the County have entered into with Local 521 and pursuant to California Government Code § 3502.5.

8. For example, the County and Local 521 (collectively "Defendants") executed a Memorandum of Agreement Between County of Santa Clara and Service Employees International Union Local 521 for the time period from June 22, 2015 – June 16, 2019. Under Section 3.2 of that agreement (titled "Agency Shop"), Defendants agreed that agency fees would be deducted from the paychecks of all County employees covered under the agreement and transmitted to Local 521, regardless of whether the employee was a member of Local 521, and regardless of whether the employee consented to pay the fees. Pursuant to this agreement, the County has and continues to periodically deduct fees from the wages of Plaintiff and the putative class members and ensures that those fees are transmitted to Local 521.

9. Up until 2015, Plaintiff chose not to be a member of Local 521. Yet during the time period that Plaintiff was not a member of Local 521, he was required as a condition of his employment with the County to pay fair share service fees or agency fees to Local 521. These fees were automatically and regularly deducted from his paycheck without his consent.

10. Plaintiff subsequently became a member of Local 521 and continued to be a member until around July 3, 2018, when Plaintiff informed Local 521 that he wished to terminate his membership with Local 521 effective immediately, and that he wanted Local 521 to immediately stop

deducting any union dues or fees from his paycheck. To date, however, Local 521 has not complied with Plaintiff's request.

11. This scheme of collecting union dues, fair share service fees, and agency fees from public-sector employees against their will violates the free speech rights of Plaintiff and other public-sector employees by compelling them to subsidize private speech on matters of substantial public concern, as the Supreme Court recognized in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S.Ct. 2448 (2018). No compelling or otherwise sufficient governmental interest justifies the compulsory political representation imposed on public-sector employees. As a result, "public-sector agency-shop arrangements" like those here "violate the First Amendment." *Id.* at 2478. As the Supreme Court held in *Janus*, "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id.* at 2486.

12. Plaintiff is bringing this action at this time to preserve his and the putative class members' ability to seek retrospective relief against Defendants for as far back as the applicable statutes of limitations will allow, as well as to obtain relief for the continuing harm suffered by Plaintiff and the putative class members by Defendants' conduct.

## **CLASS ALLEGATIONS**

13. Plaintiff brings this class action pursuant to the provisions of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of himself and the following proposed class:

> Each and every individual who: (1) worked for a public-sector employer; (2) had fair share service fees or agency fees for Local 521 deducted from the money paid to him/her by his/her employer; (3) was not a member of Local 521 at the time the fair share service fees or agency fees were deducted; and (4) has not affirmatively consented in writing to pay the fees.

The class includes everyone who comes within the class definition at any time covered by the claims and until the conclusion of this action.

14. Plaintiff also asserts the following subclasses:

a. The "County Subclass" comprises: Each and every individual who: (1) worked for the County; (2) had fair share service fees or agency fees for Local 521 deducted from the money paid to him/her by the County; (3) was not a member of Local 521 at the time the fair share service fees or agency fees were deducted; and (4) has not affirmatively consented in writing to pay the fees.

b. The "Termination Subclass" comprises: Each and every individual who: (1) worked for a public-sector employer; (2) has informed Local 521 that he/she no longer wishes to be a member of Local 521 or to pay any Local 521 union dues, fair share service fees, or agency fees; and (3) continues to have such dues or fees deducted from the money paid to him/her by his/her employer.

15. Certification of Plaintiff's claims for classwide treatment is appropriate because Plaintiff can prove the elements of his claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

16. This action meets all applicable standards of Fed. R. Civ. P. 23 for class certification. More specifically, Plaintiff can demonstrate:

17. <u>Numerosity</u>. The members of the proposed class are so numerous and geographically dispersed that individual joinder of all proposed class members is impracticable. *See* Fed. R. Civ. P. 23(a)(1). While Plaintiff believes that there are at least several hundred to thousands of members of the proposed class, the precise number of class members is unknown at the present time, but may be ascertained from Defendants' records. Class members may be notified by the pendency of this action by recognized, court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

18. <u>Commonality and Predominance.</u> This action involves common questions of law and fact, which predominate over any questions affecting individual class members. See Fed. R. Civ. P. 23(a)(2) and (b)(3). These include, without limitation:

a. Whether Defendants engaged in the conduct alleged in this complaint;

b. Whether the requirement of paying the fair share service fees or agency fees is constitutional;

c.  Whether the withholding of the union dues, fair share service fees, or agency fees is a tort under state law;

d.  Whether Defendants are obligated to refund to Plaintiff and the proposed class and subclasses union dues, fair share service fees, or agency fees that have been unlawfully extracted.

e.  If Defendants are obligated to refund union dues, fair share service fees, or agency fees that have been unlawfully extracted, the time period for which such fees or dues must be refunded.

f.  Whether Plaintiff and the proposed class and subclasses are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this complaint.

19.  <u>Typicality</u>.  Plaintiff's claims are typical of the putative class members' claims because, among other things, all such class members were comparably injured through Defendants' wrongful conduct as described above.  *See* Fed. R. Civ. P. 23(a)(3).  Each member of the proposed class or subclasses at some point in time had declined to join a union, yet was forced under state law and contract provisions to financially support the union and its inherently political activities.

20.  <u>Adequacy</u>.  Plaintiff is an adequate proposed class representative because his interests do not conflict with the interests of the other members of the proposed class and subclasses he seeks to represent; because he has retained counsel competent and experienced in complex class action litigation; and because he intends to prosecute this action vigorously.  The interests of the proposed class will be fairly and adequately protected by plaintiff and his counsel.  *See* Fed. R. Civ. P. 23(a)(4).

21.  <u>Declaratory and Injunctive Relief</u>.  Defendants have acted or refused to act on grounds generally applicable to Plaintiff and the other members of the proposed class and subclasses, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the proposed class and subclasses as a whole.  *See* Fed. R. Civ. P. 23(b)(2).

22.  <u>Superiority</u>.  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  All class and subclass members have been subjected to the same

violation of their constitutional rights, but the damages or other financial detriment suffered by each member individually is relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants. Thus, it would be impracticable for members of the proposed classes to individually seek redress for Defendants' wrongful conduct. Moreover, even if class members could afford individual litigation, the court system could not. Individualized litigation creates a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. *See* Fed. R. Civ. P. 23(b)(3).

23. This action may also be maintained as a class action under Fed. R. Civ. P. 23(b)(1)(A) because separate actions by class and subclass members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

## **FIRST CAUSE OF ACTION**

## **Violation of 28 U.S.C. § 1983**

## **(All Defendants)**

24. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

25. Defendants are acting under the color of state law by causing, participating in, and accepting the compulsory deduction of union dues, fair share service fees, and/or agency fees from monies owed to Plaintiff and the putative class members. Specifically, the County is assisting Local 521 in coercing Plaintiff and the putative class members to finance Local 521's activities, and Local 521 is acting in concert with the County and with authority granted by statute to deprive Plaintiff and the putative class members of their constitutional rights.

26. Defendants, acting under color of state law have created, administered, and enforced laws unlawfully requiring Plaintiff and the putative class members to pay union dues, fair share service fees, and/or agency fees to Local 521 as a condition for Plaintiff's and the putative class members' employment. In so doing, Defendants have violated and continue to violate Plaintiff's and

the putative class members' First Amendment Rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

27. State law and collective-bargaining agreements permitting and imposing compulsory fair share service fees and agency fees on public employees who do not wish to associate or support a union are not narrowly tailored to serve a compelling government interest.

28. By compelling Plaintiff and the putative class members to financially support Local 521, including for purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to political matters such as the negotiation and enforcement of collective bargaining rights and obligations, Defendants are abridging and violating the rights of Plaintiff and the putative class members to freedom of association and freedom of speech, and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

29. Defendants have violated Plaintiff's and the putative class members' First Amendment rights of freedom of speech and association as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

30. Unless Defendants are enjoined by the Court, Plaintiff and the putative class members will continue to suffer irreparable harm, damage, and injury for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Conversion

### (All Defendants)

31. Plaintiff hereby alleges and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

32. Plaintiff and the putative class members, at all times relevant hereto, owned and/or had the sole right to possession of the monies withheld from them in the form of union dues, fair share service fees, and/or agency fees paid to Local 521.

33. Defendants wrongfully dispossessed Plaintiff and the putative class members of monies by imposing unlawful union dues, fair share service fees, and/or agency fees against Plaintiff and the putative class members as condition for their employment with their public-sector employer.

34. As a direct and proximate result of the above wrongful conduct of Defendants, Plaintiff and the putative class members have been damaged in an amount to be proven at trial, but not less than the full amount of monies withheld from them in the form of the union dues, fair share service fees, and/or agency fees paid to Local 521.

## THIRD CAUSE OF ACTION

### Restitution of Money Had and Received

### (Local 521)

35. Plaintiff hereby alleges and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

36. Local 521 received monies in the form of unlawful union dues, fair share service fees, and/or agency fees from Plaintiff and the putative class members.

37. Defendants' imposition and collection of the union dues, fair share service fees, and/or agency fees violates Plaintiff's First Amendment Rights and is, therefore, unconstitutional.

38. At all times relevant hereto, the monies that Local 521 received belonged to and were for the use of Plaintiff and the putative class members.

39. Local 521 is indebted to Plaintiff and the putative class members in the amount of the union dues, fair share service fees, and agency fees they obtained on account of Plaintiff and the putative class members.

40. By this Complaint, Plaintiff and the putative class members demand restitution from Local 521 for all union dues, fair share service fees, and agency fees unlawfully obtained by Local 521.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

A. Certify a class and subclasses consistent with the definitions stated in this Complaint.

B. Issue a declaratory judgment against Defendants providing that:

1. It is unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to withhold or require payment of union dues, fair share service fees, or agency fees from Plaintiff and the class members;

2. Any collective bargaining agreement provision imposing union dues, fair share service fees, or agency fees against Plaintiff or the class members is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C. Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting union dues, fair share service fees, or agency fees from Plaintiff or the class members.

D. Order Local 521 to disgorge and refund all union dues, fair share service fees, and agency fees unlawfully withheld or collected (directly or indirectly) from Plaintiff and the class members, along with pre-judgment and post-judgment interest.

E. Award Plaintiff damages under 42 U.S.C. § 1983.

F. Award Plaintiff reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 17, 2018

Respectfully submitted,

By: /s/ Christopher D. Banys
Christopher D. Banys
Richard C. Lin
Jennifer L. Gilbert
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
BANYS, P.C.
1030 Duane Avenue

Santa Clara, CA 95054
Telephone: (650) 308-8505
Facsimile: (650) 353-2202

**ATTORNEYS FOR PLAINTIFF AND THE PROPOSED CLASS**