1  Christopher D. Banys (State Bar No. 230038)
   Richard C. Lin         (State Bar No. 209233)
2  Jennifer L. Gilbert    (State Bar No. 255820)
   cdb@banyspc.com
3  rcl@banyspc.com
   jlg@banyspc.com
4  BANYS, P.C.
   1030 Duane Avenue
5  Santa Clara, CA 95054
6  Telephone:  (650) 308-8505
   Facsimile:  (650) 353-2202
7
8  Attorneys for Plaintiffs and the Proposed Classes

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE BERMUDEZ, VIRGINIA VALDEZ, and ANGELICA PEDROZO, as individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No. 3:18-cv-04312-VC<br><br>**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiffs JORGE BERMUDEZ, VIRGINIA VALDEZ, and ANGELICA PEDROZO ("Plaintiffs") bring this class action on behalf of themselves and all others similarly situated, seeking redress for the defendants' past and ongoing violations of their constitutionally protected rights. The defendants violated the representative plaintiffs' constitutional rights by, among other things, forcing them to pay union fair share service fees and/or agency fees as a condition of their employment. Plaintiffs on behalf of themselves and all others similarly situated allege as follows:

# THE PARTIES

1. Plaintiff Jorge Bermudez ("Bermudez") is an individual residing in Milpitas, California. Since 2007, Bermudez has been employed by Defendant County of Santa Clara ("the County") in the Department of Employment and Benefit Services ("DEBS"). Bermudez is paid by the County and is, and has been, a "public employee" within the meaning of California Government Code § 3501(d) at all relevant times hereto.

2. Plaintiff Virginia Valdez ("Valdez") is an individual residing in San Jose, California. Since 2000, Valdez has been employed by the County in the DEBS. Valdez is paid by the County and is, and has been, a "public employee" within the meaning of California Government Code § 3501(d) at all relevant times hereto.

3. Plaintiff Angelica Pedrozo ("Pedrozo") is an individual residing in San Jose, California. Since 2001, Pedrozo has been employed by the County. From 2001 to 2005, Pedrozo worked in the County's Department of Child Support Services, and in 2005 Pedrozo transferred to the DEBS. Pedrozo is paid by the County and is, and has been, a "public employee" within the meaning of California Government Code § 3501(d) at all relevant times hereto.

4. The County is a charter county organized and existing under the laws of the State of California. The County is a "public agency" pursuant to California Government Code § 3501(c), and has offices at 70 West Hedding Street, San Jose, California.

5. Defendant Service Employees International Union, Local 521 ("Local 521") is a labor union that represents workers in the Bay Area and California's Central Valley, including public-sector employees who are employed by the County. Local 521 is an "employee organization" pursuant to California Government Code § 3501(a) and is the "recognized employee organization," as defined by California Government Code § 3501(b), for Plaintiffs and other similarly situated employees of the County as well as other public-sector employees in California. On its website at www.seiu521.org, Local 521 states that it represents around 40,000 public, nonprofit, and private-sector workers. Local 521 has regional offices in San Jose, California, among other places in this judicial district.

///

///

**JURISDICTION AND VENUE**

6. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises out of Plaintiffs' and the proposed classes' deprivation of rights under the Constitution of the United States. This Court also has subject matter jurisdiction under 28 U.S.C. §§ 1367 and 2201.

7. Venue is proper under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more of the defendants reside in this judicial district and all defendants are residents of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of this action is situated, in this judicial district.

8. Intra-district assignment is proper in San Jose pursuant to Local Rules 3-2(c) and (e) because a substantial part of the events or omissions which give rise to Plaintiff's claims occurred in Santa Clara County.

**FACTUAL BACKGROUND**

9. Local 521 is the exclusive bargaining representative for many public-sector employees in California, including but not limited to employees of the County who work in DEBS as well as other units of the County. As such, Local 521 collects fair share service fees or agency fees from all employees that it represents, regardless of whether the employee chooses to be a member of Local 521, and regardless of whether the employee has consented to pay the fees. These fair share service fees or agency fees are typically deducted automatically from the employees' paychecks, in accordance with collective bargaining agreements that the public-sector employers such as the County have entered into with Local 521 and pursuant to California Government Code § 3502.5.

10. For example, the County and Local 521 (collectively "Defendants") executed a Memorandum of Agreement Between County of Santa Clara and Service Employees International Union Local 521 for the time period from June 22, 2015 – June 16, 2019. Under Section 3.2 of that agreement (titled "Agency Shop"), Defendants agreed that agency fees would be deducted from the paychecks of all County employees covered under the agreement and transmitted to Local 521, regardless of whether the employee was a member of Local 521, and regardless of whether the

employee consented to pay the fees. Pursuant to this agreement, the County has and continues to periodically deduct fees from the wages of Plaintiffs and the putative class members and ensures that those fees are transmitted to Local 521.

11. Up until 2015, Bermudez chose not to be a member of Local 521. Yet during the time period that Bermudez was not a member of Local 521, he was required as a condition of his employment with the County to pay fair share service fees or agency fees to Local 521. These fees were automatically and regularly deducted from his paycheck without his consent.

12. Bermudez subsequently became a member of Local 521 and continued to be a member until July 2018. During the time period that he was a member of Local 521, union membership dues for Local 521 were automatically and regularly deducted from his paycheck.

13. Prior to July 2018, Local 521 had a policy preventing its members from immediately terminating their membership with Local 521. Under this policy, members could not terminate their membership with Local 521 at any time, but instead could only terminate their membership within a small window of time near the end of the contract period of the collective bargaining agreement that Local 521 had negotiated with the member's employer.

14. On or about July 3, 2018, Bermudez informed Local 521 that he wished to terminate his membership with Local 521 effective immediately in light of the U.S. Supreme Court's June 27, 2018 decision in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S.Ct. 2448 (2018), and that he wanted Local 521 to immediately stop deducting any union dues or fees from his paycheck. On or about July 12, 2018, Local 521 sent Bermudez a letter stating that it would process Bermudez's request. Nevertheless, union dues for Local 521 continued to be deducted from Bermudez's paycheck for several more weeks. Local 521 eventually issued Bermudez two refund checks returning to him the union dues that were deducted from his July and August 2018 paychecks only.

15. Prior to July 2018, Bermudez was never given the option of not being a member of Local 521 and paying no fees relating to Local 521. Had he been given this option, Bermudez would have chosen not to become a member of Local 521, and not to pay any fees relating to Local 521.

16. Until August 2018, Valdez was a member of Local 521, but was wrongfully induced into becoming a member. Valdez became a member of Local 521 in 2000 because she was forced by the County as a condition of her employment to either: 1) become a member of Local 521, or 2) opt out of becoming a member of Local 521, but still have fair share service fees or agency fees for Local 521 deducted from her paycheck on a regular basis. Valdez was not given the option of not becoming a member of Local 521 and paying no fees relating to Local 521. Had she been given this option, Valdez would have chosen not to be a member of Local 521, and not to pay any fees relating to Local 521.

17. In 2017, Valdez informed Local 521 that she wished to terminate her membership from the union. Local 521, however, obstructed and delayed Valdez's efforts to terminate her membership, and continued to deduct union membership fees from her paycheck. Only after repeated efforts by Valdez to get Local 521 to terminate her membership did Local 521 finally comply with her request in August 2018. As a result, during a time period from at least 2017 to August 2018, Local 521 forced Valdez to remain a member of Local 521 and continue paying membership fees against her will.

18. Pedrozo is a member of Local 521, but was wrongfully induced into becoming a member. Pedrozo became a member of Local 521 in 2001 because she was forced by the County as a condition of her employment to either: 1) become a member of Local 521, or 2) opt out of becoming a member of Local 521, but still have fair share service fees or agency fees for Local 521 deducted from her paycheck on a regular basis. Pedrozo was not given the option of not becoming a member of Local 521 and paying no fees relating to Local 521. Had she been given this option, Pedrozo would have chosen not to be a member of Local 521, and not to pay any fees relating to Local 521.

19. This scheme of collecting union dues, fair share service fees, and agency fees from public-sector employees against their will, as well as improperly coercing public-sector employees into becoming members of the union and obstructing their efforts to terminate their membership from the union, violates the free speech rights of Plaintiffs and other public-sector employees by compelling them to subsidize private speech on matters of substantial public concern, as the Supreme Court recognized in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S.Ct. 2448 (2018). No compelling or otherwise sufficient governmental interest justifies the

compulsory political representation imposed on public-sector employees. As a result, "public-sector agency-shop arrangements" like those here "violate the First Amendment." *Id.* at 2478. As the Supreme Court held in *Janus*, "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Id.* at 2486.

20.  Plaintiffs are bringing this action at this time to preserve their and the putative class members' ability to seek retrospective relief against Defendants for as far back as the applicable statutes of limitations will allow, as well as to obtain relief for the continuing harm suffered by Plaintiffs and the putative class members by Defendants' conduct.

## CLASS ALLEGATIONS

21.  Plaintiffs bring this class action pursuant to the provisions of Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), on behalf of himself and the following proposed classes:

   a. The "Non-Member Class" comprises: Each and every individual who: (1) worked for a public-sector employer; (2) had fair share service fees or agency fees for Local 521 deducted from the money paid to him/her by his/her employer; (3) was not a member of Local 521 at the time the fair share service fees or agency fees were deducted; and (4) has not affirmatively consented in writing to pay the fees after proper notice of their First Amendment rights.

   b. The "Member Class" comprises: Each and every individual who: (1) worked for a public-sector employer; (2) was a member of Local 521; and (3) would not have become a member of Local 521 if he/she had been given the option of not becoming a member of Local 521 and paying no union dues, fair share service fees, or agency fees to Local 521.

   c. The "Termination Class" comprises: Each and every individual who: (1) worked for a public-sector employer; (2) notified Local 521 that he/she no longer wished to be a member of Local 521 or to pay any Local 521 union dues, fair share service

fees, or agency fees; and (3) had such dues or fees deducted from the money paid to him/her by his/her employer even after providing such notice.

These classes include everyone who comes within the class definitions at any time covered by the claims and until the conclusion of this action.

22. Plaintiffs also assert the following subclasses:

   a. The "County Non-Member Subclass" comprises: Each and every individual who: (1) worked for the County; (2) had fair share service fees or agency fees for Local 521 deducted from the money paid to him/her by the County; (3) was not a member of Local 521 at the time the fair share service fees or agency fees were deducted; and (4) has not affirmatively consented in writing to pay the fees after proper notice of their First Amendment rights.

   b. The "County Member Subclass" comprises: Each and every individual who: (1) worked for the County; (2) was a member of Local 521; and (3) would not have become a member of Local 521 if he/she had been given the option of not becoming a member of Local 521 and paying no union dues, fair share service fees, or agency fees to Local 521.

   c. The "County Termination Subclass" comprises: Each and every individual who: (1) worked for the County; (2) notified Local 521 that he/she no longer wished to be a member of Local 521 or to pay any Local 521 union dues, fair share service fees, or agency fees; and (3) had such dues or fees deducted from the money paid to him/her by the County even after providing such notice.

23. Certification of Plaintiffs' claims for classwide treatment is appropriate because Plaintiffs can prove the elements of their claims on a classwide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

24. This action meets all applicable standards of Fed. R. Civ. P. 23 for class certification. More specifically, Plaintiffs can demonstrate:

25. <u>Numerosity</u>.  The members of the proposed class are so numerous and geographically dispersed that individual joinder of all proposed class members is impracticable. *See* Fed. R. Civ. P. 23(a)(1).  While Plaintiffs believe that there are at least several hundred to thousands of members of the proposed class, the precise number of class members is unknown at the present time, but may be ascertained from Defendants' records and/or self-identification by the class members.  Class members may be notified by the pendency of this action by recognized, court-approved notice dissemination methods, which may include U.S. Mail, electronic mail, Internet postings, and/or published notice.

26. <u>Commonality and Predominance.</u>  This action involves common questions of law and fact, which predominate over any questions affecting individual class members.  See Fed. R. Civ. P. 23(a)(2) and (b)(3).  These include, without limitation:

   a. Whether Defendants engaged in the conduct alleged in this complaint;
   b. Whether the requirement of paying the fair share service fees or agency fees is constitutional;
   c. Whether the withholding of the union dues, fair share service fees, or agency fees is a tort under state law;
   d. Whether Defendants are obligated to refund to Plaintiffs and the proposed classes and subclasses union dues, fair share service fees, or agency fees that have been unlawfully extracted.
   e. If Defendants are obligated to refund union dues, fair share service fees, or agency fees that have been unlawfully extracted, the time period for which such fees or dues must be refunded.
   f. Whether Plaintiffs and the proposed class and subclasses are entitled to equitable relief, including, but not limited to, restitution or injunctive relief as requested in this complaint.

27. <u>Typicality</u>.  Plaintiffs' claims are typical of the putative class members' claims because, among other things, all such class members were comparably injured through Defendants' wrongful conduct as described above.  *See* Fed. R. Civ. P. 23(a)(3).  Each member of the proposed class or

subclasses at some point in time had declined to join a union, yet was forced under state law and contract provisions to financially support the union and its inherently political activities.

28.   _Adequacy_.  Plaintiffs are adequate proposed class representative because their interests do not conflict with the interests of the other members of the proposed classes and subclasses they seek to represent; because they have retained counsel competent and experienced in complex class action litigation; and because they intend to prosecute this action vigorously.  The interests of the proposed class will be fairly and adequately protected by Plaintiffs and their counsel.  _See_ Fed. R. Civ. P. 23(a)(4).

29.   _Declaratory and Injunctive Relief_.  Defendants have acted or refused to act on grounds generally applicable to Plaintiffs and the other members of the proposed class and subclasses, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the proposed class and subclasses as a whole.  _See_ Fed. R. Civ. P. 23(b)(2).

30.   _Superiority_.  A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action.  All class and subclass members have been subjected to the same violation of their constitutional rights, but the damages or other financial detriment suffered by each member individually is relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants.  Thus, it would be impracticable for members of the proposed classes to individually seek redress for Defendants' wrongful conduct.  Moreover, even if class members could afford individual litigation, the court system could not.  Individualized litigation creates a potential for inconsistent or contradictory judgments, and it increases the delay and expense to all parties and the court system.  By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.  _See_ Fed. R. Civ. P. 23(b)(3).

31.   This action may also be maintained as a class action under Fed. R. Civ. P. 23(b)(1)(A) because separate actions by class and subclass members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants.

/ / /

## FIRST CAUSE OF ACTION

### Violation of 28 U.S.C. § 1983

### (All Defendants)

32. Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

33. Defendants are acting under the color of state law by causing, participating in, and accepting the compulsory deduction of union dues, fair share service fees, and/or agency fees from monies owed to Plaintiffs and the putative class members. Specifically, the County is assisting Local 521 in coercing Plaintiffs and the putative class members to finance Local 521's activities, and Local 521 is acting in concert with the County and with authority granted by statute to deprive Plaintiffs and the putative class members of their constitutional rights.

34. Defendants, acting under color of state law have created, administered, and enforced laws unlawfully requiring Plaintiffs and the putative class members to pay union dues, fair share service fees, and/or agency fees to Local 521 as a condition for Plaintiffs' and the putative class members' employment. In so doing, Defendants have violated and continue to violate Plaintiffs' and the putative class members' First Amendment Rights to free speech and association as secured by the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

35. State law and collective-bargaining agreements permitting and imposing compulsory fair share service fees and agency fees on public employees who do not wish to associate or support a union are not narrowly tailored to serve a compelling government interest.

36. By compelling Plaintiffs and the putative class members to financially support Local 521, including for purposes of speaking to, petitioning, and otherwise lobbying the State and its officials with respect to political matters such as the negotiation and enforcement of collective bargaining rights and obligations, Defendants are abridging and violating the rights of Plaintiffs and the putative class members to freedom of association and freedom of speech, and to petition the government for redress of grievances under the First Amendment to the United States Constitution, in violation of the Fourteenth Amendment and 42 U.S.C. § 1983.

37. Defendants have violated Plaintiffs' and the putative class members' First Amendment rights of freedom of speech and association as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983.

38. Unless Defendants are enjoined by the Court, Plaintiffs and the putative class members will continue to suffer irreparable harm, damage, and injury for which there is no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Conversion

### (All Defendants)

39. Plaintiffs hereby allege and incorporate by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

40. Plaintiffs and the putative class members, at all times relevant hereto, owned and/or had the sole right to possession of the monies withheld from them in the form of union dues, fair share service fees, and/or agency fees paid to Local 521.

41. Defendants wrongfully dispossessed Plaintiffs and the putative class members of monies by imposing unlawful union dues, fair share service fees, and/or agency fees against Plaintiffs and the putative class members as condition for their employment with their public-sector employer.

42. As a direct and proximate result of the above wrongful conduct of Defendants, Plaintiffs and the putative class members have been damaged in an amount to be proven at trial, but not less than the full amount of monies withheld from them in the form of the union dues, fair share service fees, and/or agency fees paid to Local 521.

## THIRD CAUSE OF ACTION

### Restitution of Money Had and Received

### (Local 521)

43. Plaintiffs hereby allege and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

44. Local 521 received monies in the form of unlawful union dues, fair share service fees, and/or agency fees from Plaintiffs and the putative class members.

45. Defendants' imposition and collection of the union dues, fair share service fees, and/or agency fees violates Plaintiffs' First Amendment Rights and is, therefore, unconstitutional.

46. At all times relevant hereto, the monies that Local 521 received belonged to and were for the use of Plaintiffs and the putative class members.

47. Local 521 did not use the monies that it received from Plaintiffs and the putative class members for their benefit, and has not returned the monies to Plaintiffs and the putative class members.

48. Local 521 is indebted to Plaintiffs and the putative class members in the amount of the union dues, fair share service fees, and agency fees they obtained on account of Plaintiffs and the putative class members.

49. By this Complaint, Plaintiffs and the putative class members demand restitution from Local 521 for all union dues, fair share service fees, and agency fees unlawfully obtained by Local 521.

## FOURTH CAUSE OF ACTION

**Violation of California Business and Professions Code § 17200 *et seq*. (Unfair Competition Law)**

**(Local 521)**

50. Plaintiffs hereby allege and incorporates by reference, as though fully set forth herein, the allegations contained in the preceding paragraphs.

51. By the acts alleged in the preceding paragraphs, Local 521 has committed business acts and practices of collecting union dues, fair share service fees, and agency fees from Plaintiffs and the putative class members that are prohibited under the Supreme Court's decision in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S.Ct. 2448 (2018), and thereby unlawful and unfair in violation of California Unfair Competition Law ("UCL"), California Business and Professions Code section § 17200 *et seq*.

52. For Local 521's violation of the UCL, Plaintiffs and the putative class members demand restitution from Local 521 for all union dues, fair share service fees, and agency fees unlawfully obtained by Local 521.

53. Because Local 521 continues to do the acts complained of herein and, unless restrained and enjoined, will continue to do so, Plaintiffs and the putative class members also seek an injunction restraining Local 521, its agents, employees and representative and all persons acting in concert with it from engaging in further acts of unlawful business acts or practices.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs prays for relief as follows:

A. Certify classes and subclasses consistent with the definitions stated in this Complaint.

B. Issue a declaratory judgment against Defendants providing that:

  1. It is unconstitutional under the First Amendment, as secured against state infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, to withhold or require payment of union dues, fair share service fees, or agency fees from Plaintiffs and the class members;

  2. Any collective bargaining agreement provision imposing union dues, fair share service fees, or agency fees against Plaintiffs or the class members is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and is null and void.

C. Permanently enjoin Defendants, along with their officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from collecting union dues, fair share service fees, or agency fees from Plaintiffs or the class members.

D. Order Local 521 to disgorge and refund all union dues, fair share service fees, and agency fees unlawfully withheld or collected (directly or indirectly) from Plaintiffs and the class members, along with pre-judgment and post-judgment interest.

E. Award Plaintiffs damages under 42 U.S.C. § 1983.

F. Award Plaintiffs reasonable attorneys' fees, costs, and expenses under 42 U.S.C. §

1988.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Dated: September 10, 2018                                Respectfully submitted,


By: */s/ Christopher D. Banys*
Christopher D. Banys
Richard C. Lin
Jennifer L. Gilbert
cdb@banyspc.com
rcl@banyspc.com
jlg@banyspc.com
BANYS, P.C.
1030 Duane Avenue
Santa Clara, CA 95054
Telephone:  (650) 308-8505
Facsimile:   (650) 353-2202

**ATTORNEYS FOR PLAINTIFFS
AND THE PROPOSED CLASSES**