UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE BERMUDEZ, et al.,<br><br>       Plaintiffs,<br><br>       v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, et al.,<br><br>       Defendants. | Case No. 18-cv-04312-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 42 |

       The defendants' motion for summary judgment is granted in part and denied in part.

       1. The plaintiffs' prayer to enjoin the collection of fair-share fees from non-members is moot for the reasons stated in *Carey v. Inslee*, No. 3:18-CV-05208-RBL, 2019 WL 1115259, at *3 (W.D. Wash. Mar. 11, 2019); *Cook v. Brown*, No. 6:18-CV-01085-AA, 2019 WL 982384, at *3-4 (D. Or. Feb. 28, 2019); *Danielson v. American Federation of State, County, & Municipal Employees, Council 28*, 340 F. Supp. 3d 1083, 1084 (W.D. Wash. 2018). Also, because the plaintiffs are no longer members of Local 521, they don't have standing to sue for an injunction to change the union's termination policies or to bar the collection of membership dues.

       2. Bermudez's claims for a refund of the fair-share fees he paid prior to joining Local 521 are time-barred. In California, a federal section 1983 claim has a statute of limitations of two years. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Claims for conversion and restitution must be brought within three years. Cal. Code Civ. Proc. § 338(c)(1); *see Bell v. Bank of Cal.*, 153 Cal. 234, 242 (1908). Bermudez stopped paying fair-share fees when he joined Local 521 in January 2015, which was more than three years before he filed this lawsuit in July

2018.[1]

Even if Bermudez's section 1983 claim weren't time-barred, *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018) does not entitle him to a refund of his fair-share fees. Assuming it's necessary to inquire whether the defendants' good-faith reliance on then-existing law bars Bermudez's refund claim under section 1983, the defendants have indeed established good-faith reliance as a matter of law. This is so for the reasons provided in the following cases: *Janus v. American Federation of State, County, & Municipal Employees, Council 31*, No. 15 C 1235, 2019 WL 1239780, at *3 (N.D. Ill. Mar. 18, 2019); *Carey*, 2019 WL 1115259, at *9; *Cook*, 2019 WL 982384, at *7; *Danielson*, 340 F. Supp. 3d at 1087.

Moreover, considering this issue outside the rubric of good-faith reliance, there is a strong argument that when the highest judicial authority has previously deemed conduct constitutional, reversal of course by that judicial authority should never, as a categorical matter, result in retrospective monetary relief based on that conduct. Perhaps that's why the Supreme Court did not address whether Mr. Janus himself was entitled to the refund he sought, instead simply remanding for further proceedings. *See Janus*, 138 S. Ct. at 2486. At least in situations where the Supreme Court has reversed a prior ruling but not specified that the party before it is entitled to retrospective monetary relief, it seems unlikely that lower courts should even consider awarding retrospective monetary relief based on conduct the Court had previously authorized. *Cf. Shah v. Pan Am. World Servs., Inc.*, 148 F.3d 84, 91 (2d Cir. 1998); *see also Nunez-Reyes v. Holder*, 646 F.3d 684, 691 (9th Cir. 2011); *Crowe v. Bolduc*, 365 F.3d 86, 93 (1st Cir. 2004);

---

[1] Bermudez's only claim regarding payment of fair-share fees that isn't time-barred is his California UCL cause of action, but he isn't entitled to relief on that theory either. "The UCL's purpose is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002). Local 521 did not participate as a business in the commercial market, nor was its policy of collecting fair-share fees a commercial activity. *Cf. That v. Alders Maintenance Assn.*, 206 Cal. App. 4th 1419, 1427 (2012).

*Glazner v. Glazner*, 347 F.3d 1212, 1216-21 (11th Cir. 2003).

3. The plaintiffs' claims for a refund of their membership dues fail for the reasons stated in *Crockett v. NEA-Alaska*, No. 3:18-CV-00179 JWS, 2019 WL 1212082, at *7 (D. Alaska Mar. 14, 2019). This includes the plaintiffs' state law claims, which fail because the dues were not wrongfully collected – the decision to pay dues was not coerced and payment was a valid contractual term. *Cf. id.*

4. The defendants' motion for summary judgment is denied as to Valdez's termination restrictions claim, because the parties did not adequately address this issue in their papers. Denial is without prejudice to either side filing an appropriate motion on this claim at a later date.

5. A further telephonic case management conference is scheduled for Tuesday, May 7, 2019 at 2:30 pm. A joint case management statement, is due Tuesday, April 30, 2019.

**IT IS SO ORDERED.**

Dated: April 16, 2019

_____
VINCE CHHABRIA
United States District Judge