Christopher D. Banys (SBN 230038)
Richard C. Lin        (SBN 209233)
Jennifer L. Gilbert   (SBN 255820)
cdb@banyspc.com
rcl@banyspc.com
jcl@banyspc.com
BANYS, P.C.
1030 Duane Avenue
Santa Clara, CA 95054
Telephone:  (650) 308-8505
Facsimile:  (650) 353-2202

Attorneys for Plaintiffs and the Proposed Classes

(*Additional counsel listed on signature page*)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE BERMUDEZ, VIRGINIA VALDEZ, and ANGELICA PEDROZO, as individuals, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, and COUNTY OF SANTA CLARA,<br><br>Defendants. | Case No.  3:18-cv-04312-VC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: May 14, 2019<br>Time: 2:30 p.m.<br>Courtroom: 4, 17th Floor<br>Judge: Hon. Vince Chhabria |

Pursuant to this Court's April 23, 2019 Order (Dkt. No. 84), the parties jointly submit this Case Management Statement in advance of the further telephonic case management conference to be held on May 14, 2019, at 2:30 p.m.

## DESCRIPTION OF CASE

1. **JURISDICTION AND SERVICE**

This court has subject matter jurisdiction over Plaintiffs' claims under 28 U.S.C. §§ 1331 and 1343 because this case arises out of Plaintiffs' and the proposed classes' alleged deprivation of rights under the Constitution of the United States. Plaintiffs contend that this Court also has supplemental jurisdiction over Plaintiffs' related state-law claims under 28 U.S.C. § 1367 as well as declaratory relief jurisdiction under 28 U.S.C. § 2201. Defendants contend that while Plaintiffs' state-law claims fall within the Court's supplemental jurisdiction under 28 U.S.C. §1367, those claims are preempted by the Meyers-Milias-Brown Act and must be addressed to the California Public Employment Relations Board rather than to this Court. Venue is proper in this court under 28 U.S.C. §§ 1391(b)(1) and (2) because one or more of the defendants reside in this judicial district and all defendants are residents of this State (within the meaning 28 U.S.C. § 1391(c)) and because a substantial part of the events or omissions giving rise to the claim occurred, and a substantial part of property that is the subject of this action is situated, in this judicial district. No party remains to be served.

2. **FACTS**

**Plaintiff's Statement:** Plaintiffs are three employees in the Department of Employment and Benefit Services ("DEBS") of the County. Local 521 is a union that represents County employees as well as other public-sector employees in California. Under a collective bargaining agreement between Local 521 and the County, all County employees are required as a condition of their employment to either: 1) become a member of Local 521 and pay union dues to Local 521, or 2) remain a non-member but still pay some form of fair share service fees and/or agency fees to Local 521. In addition, members of Local 521 are not allowed to terminate their membership with the union except for during a small window of time near the end of the term of


the agreement. Local 521 has entered into collective bargaining agreements with other public-sector employers in California that contain similar terms.

Plaintiffs were at various times over the past four years either: 1) a non-member of Local 521 who was required to pay fair share service fees and/or agency fees to Local 521; or 2) a member of Local 521 who was required to pay union dues to Local 521. These fees and dues were regularly deducted from Plaintiffs' paychecks, even though Plaintiffs did not want to pay them. Plaintiffs allege that, under the Supreme Court's recent decision in *Janus v. American Federation of State, County, and Municipal Employees, Council 31*, 138 S.Ct. 2448 (2018), Defendants' policies and practices with respect to requiring Plaintiffs and other public-sector employees to pay union dues or fees to Local 521 as a condition of their employment violated their First Amendment rights. Plaintiffs also allege that Defendants improperly coerced Plaintiffs and other public-sector employees to become members of Local 521, and restricted their ability to later terminate their membership with the union, also in violation of their First Amendment rights.

On April 16, 2019, this Court issued an order granting in part and denying in part Defendants' motion for summary judgment. (Dkt. No. 82). As part of its order, the Court dismissed all claims asserted by the three named Plaintiffs except for those related to Plaintiff Virginia Valdez's allegation that she was improperly restricted from terminating her membership with Local 521. (*See id.*). Thus, since all claims asserted by Plaintiffs Jorge Bermudez and Angelica Pedrozo have been dismissed by the Court, the information provided by Plaintiffs' counsel in this Joint Case Management Statement pertain solely to the remaining claims of Plaintiff Valdez, who is referred to herein as "Plaintiff."

**Defendants' Statement:**

Defendants address only the remaining claim(s) of Plaintiff Virginia Valdez regarding her alleged attempt to terminate her membership in Local 521, since (as noted above by Plaintiffs), the Court has dismissed all other claims. Ms. Valdez is a County employee covered under a collective bargaining agreement with Local 521. She voluntarily joined the union and expressly consented to have membership dues deducted from her paychecks for all of the respective

statutory periods for each of the claims she now asserts. She voluntarily signed up to become a member of Local 521 in 2000 and notified Local 521 of her desire to resign her membership and cease dues deductions in August 2018. Defendant Local 521 has honored Plaintiff Valdez's request to resign her membership in Local 521, has ceased all deductions of dues or agency fees from her wages, and has fully reimbursed her with interest for any lapse between the time she notified Local 521 of her resignation and the time Defendants were able to process her request and stop further dues deductions. Plaintiff Valdez was not in any way coerced to become a member of Local 521, and, indeed, she served as a shop steward, a voluntary position within the Union that requires a high level of commitment and additional responsibility, during the period of time that she alleges she was coerced to be a member.

Because, in response to Defendants' motion for summary judgment, Plaintiff Valdez disclaimed the allegations in the First Amended Complaint regarding her 2017 attempt to resign from Local 521, and instead asserted new and vague allegations regarding a 2016 attempt to resign, Local 521 is unsure of the facts on which Plaintiff Valdez is relying with regard to her sole remaining claim regarding restrictions upon resignation. For that reason, Defendants respectfully request that the Court order her to set forth the factual and legal allegations underlying her claim in a short and plain statement, either in the form of a Second Amended Complaint or in some other document that will be binding upon her, with sufficient detail as to the alleged events to provide Defendants with an understanding of the claim she now seeks to litigate in this case.

3.   **PRINCIPAL LEGAL ISSUES IN DISPUTE**

With respect to the remaining claims in the case regarding Plaintiff Valdez's allegation that she was improperly restricted from terminating her membership from Local 521, Plaintiff has identified the following principal legal issues in dispute:

(a)   Whether Defendants' policies and practices with respect to limiting the ability of Plaintiff Valdez and the proposed class members to terminate their membership with the union is unconstitutional;

(b)     If Defendants are obligated to refund union dues that have been unlawfully extracted, the time period for which such dues must be refunded.

Defendants have identified the following principal legal issues in dispute:

(a)     Whether Plaintiff Valdez's claims are barred by the applicable statutes of limitations.

(b)     Whether Plaintiff Valdez's state law claims are pre-empted by the Meyers-Milias-Brown Act and the jurisdiction of the California Public Employment Relations Board.

(c)     Whether temporal restrictions on terminating union membership and/or withdrawing financial support from the union are enforceable.

(d)     Whether any alleged restriction on Plaintiff Valdez's ability to resign her union membership involved conduct under color of state law.

(e)     Whether Defendants acted in good faith reliance on existing law.

(f)     Whether Plaintiff Valdez has standing to represent any class or sub-class proposed in the First Amended Complaint; and

(g)     Whether any classes or subclasses can appropriately be certified.

**4.     MOTIONS**

There are no pending motions at this time. Plaintiff anticipates filing a motion for class certification as discussed in Section 9 below. Defendants are evaluating filing a motion for judgment on the pleadings and/or a motion for summary judgment as to Plaintiff Valdez's remaining claims.

**5.     AMENDMENT OF PLEADINGS**

The parties presently do not anticipate that they will need to add any additional claims, counterclaims or affirmative defenses. However, as noted above in Section 2, Defendants respectfully request that Plaintiff Valdez set forth the factual and legal basis of her remaining claim, either in the form of a Second Amended Complaint or in some other document that will be binding upon her, so that they have an understanding of the claim she seeks to litigate in this case. Defendants request that she be ordered to do so before Plaintiff serves any discovery requests as

to that claim.  Otherwise, the parties propose July 12, 2019 as the deadline for amending the pleadings for all other purposes.

**6.    EVIDENCE PRESERVATION**

The parties have reviewed the Northern District of California's Guidelines Relating to the Discovery of Electronically Stored Information and met and conferred pursuant to Federal Rule of Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties will take reasonable steps to preserve documents relating to the issues presented in Plaintiffs' First Amended Complaint based on their current understanding of the issues.  The parties will also take reasonable steps to preserve documents relating to the issues presented in subsequent amendments of the First Amended Complaint, based on their understanding of the issues at the time.  Such reasonable steps shall include issuing document preservation instructions to the key individuals likely to have such documents, directing such individuals to take affirmative steps to preserve such documents, whether in hardcopy or electronic form, and to suspend applicable document destruction/deletion procedures.

**7.    DISCLOSURES**

The parties agree to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a) on or before June 28, 2019.

**8.    DISCOVERY**

(a)    Discovery Taken to Date:  None.

(b)    Anticipated Scope of Discovery: The parties anticipate discovery on Plaintiff's claims regarding Defendants alleged unlawful practices regarding the handling of membership termination requests with Local 521, Defendants' affirmative defenses thereto, and prayers for relief.

(c)    Limits on Discovery:

The parties agree that the default limits with respect to discovery under the Federal Rules of Civil Procedure should apply.

(d)     Electronic Discovery: The parties have discussed issues relating to the preservation of e-discovery and will continue to meet and confer regarding the standards for e-discovery and electronically stored information in this case.

(e)     Discovery Plan:

    i. Protective Order: The parties do not presently anticipate a need for any protective order in the case, but agree to meet and confer on and submit a proposed Stipulated Protective Order should the parties later determine that a protective order is necessary.

    ii. Privilege Logs: The parties agree that communications between the parties and their counsel of record regarding this case do not need to be logged on a privilege log.

    iii. Method of Service: The parties agree to service by email of all correspondence and discovery. The parties further agree that each will provide a list of email addresses for service to the other, and that each party will provide service to each email address on the list.

## 9. CLASS ACTIONS

**Plaintiff's Statement:** In accordance with Civil L.R. 16-9(b), Plaintiff states as follows:

a. This action is maintainable as a class action under Federal Rule of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3).

b. The proposed class is:

    i. The "Termination Class," which comprises: Each and every individual who: (1) worked for a public-sector employer; (2) notified Local 521 that he/she no longer wished to be a member of Local 521 or to pay any Local 521 union dues; and (3) had such dues deducted from the money paid to him/her by his/her employer even after providing such notice.

Alternatively, Plaintiff has also identified the following proposed subclass:

    ii. The "County Termination Subclass," which comprises: Each and every individual who: (1) worked for the County; (2) notified Local 521 that he/she no longer wished to be a member of Local 521 or to pay any Local 521 union dues; and (3) had such dues deducted from the money paid to him/her by the County even after providing such notice.

  c. The requirements of Rule 23 will be satisfied. Plaintiff maintains that discovery will reveal additional facts demonstrating that this case should be maintained under Rule 23, but investigation by counsel to date indicates that: (1) the number of proposed class members is likely to be on the order of hundreds to thousands of individuals; (2) Defendants' policies and practices with respect to the handling of union membership termination are common across the proposed class and subclass; (3) these common policies and practices can be proven with common evidence, including but not limited to collective bargaining agreements that set forth these common policies and practices; and (4) Defendants maintain records of union membership and the deduction of union dues from public employees that will show the extent of the unlawful deductions of such dues and fees.

  d. Plaintiff proposes to file a motion for class certification by November 1, 2019.

**Defendants' Statement:**

This action cannot appropriately be maintained as a class action on behalf of the identified class or any other class.

**10. RELATED CASES**

There are two cases that are related to the present action: *Hough v. Service Employees International Union Local 521, et al.*, Case No. 3:18-cv-04902-VC (N.D. Cal.), and *Aliser, et al. v. SEIU California, et al.*, Case No. 3:19-cv-00426-VC (N.D. Cal.).

**11. RELIEF**

Plaintiff seeks damages and/or restitution from Defendants for the union dues that Defendants unlawfully obtained from Plaintiff and the proposed class and subclass. Plaintiff also seeks an order declaring Defendants' actions to be unlawful and enjoining Defendants from

performing further unlawful acts as alleged in the complaint.  Plaintiff also seeks pre-judgment and post-judgment interest on any amounts awarded, reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, and for such other and further relief as the Court may deem proper.

Defendants do not believe any relief is warranted.  Plaintiff Valdez is not entitled to any damages, and injunctive and declaratory relief are unnecessary and unwarranted.

**12.   SETTLEMENT AND ADR**

There have been no settlement discussions between the parties to date.  With respect to ADR, the parties agree to engage in a settlement conference before a magistrate judge.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.   OTHER REFERENCES**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

None.

**16.   EXPEDITED SCHEDULE**

Because of the nature of the claims and defenses in this action, the parties submit that this is not the type of case that can be handled on an expedited basis or with short-circuited procedures.

**17.   SCHEDULING**

The parties' proposed schedules are set forth below:

| Event | Parties' Proposed Date |
|---|---|
| Deadline to disclose opening expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) | January 10, 2020 |

| | |
|---|---|
| Deadline to disclose rebuttal expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2) | February 7, 2020 |
| Close of all discovery | March 6, 2020 |
| Deadline for filing dispositive motions | April 2, 2020 |
| Pretrial conference | June 8, 2020, 1:30 p.m., if no dispositive motions filed.  Otherwise, 60 days after resolution of dispositive motions. |
| Trial | June 22, 2020 or as soon thereafter as the Court's calendar permits, if no dispositive motions filed.  Otherwise, trial date to be set at the Pretrial Conference. |

## 18. TRIAL

A jury demand has been made.  The parties' proposal regarding the trial date is set forth above.  Plaintiff estimates that the expected length of trial is five days.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff's Statement:**  Plaintiff has filed the Certifications of Interested Entities or Persons required by Civil Local Rule 3-15.  Aside from the parties and the proposed classes and subclasses, Plaintiff is not aware of any such entities or persons.

**Defendants' Statement:**  Local 521 has filed the Certification of Interested Entities or Persons required by Civil Local Rule 3-15.  Aside from the parties, Local 521 is not aware of any such entities or persons.  As a "governmental entity or its agencies," the County is not required to file a Certification pursuant to Civil Local Rule 3-15.

## 20. PROFESSIONAL CONDUCT

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. OTHER MATTERS

None.

Case 3:18-cv-04312-VC   Document 86   Filed 05/06/19   Page 11 of 12

| | | |
|---|---|---|
| 1 | Dated: May 6, 2019 | Respectfully submitted, |

/s/ Richard C. Lin_____
Christopher D. Banys (State Bar No. 230038)
Richard C. Lin     (State Bar No. 209233)
Jennifer L. Gilbert     (State Bar No. 255820)
cdb@banyspc.com
rcl@banyspc.com
jcl@banyspc.com
BANYS, P.C.
1030 Duane Avenue
Santa Clara, CA 95054
Telephone: (650) 308-8505
Facsimile: (650) 353-2202

Attorneys for Plaintiffs and the Proposed Classes

/s/ Jeffrey B. Demain_____
CAREN P. SENCER, Bar No. 233488
KERIANNE R. STEELE, Bar No. 250897
ERIC J. WIESNER, Bar No. 259672
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone (510) 337-1001
Fax (510) 337-1023
E-Mail: csencer@unioncounsel.net
ksteele@unioncounsel.net
ewiesner@unioncounsel.net
courtnotices@unioncounsel.net

JEFFREY B. DEMAIN, Bar No. 126715
SCOTT A. KRONLAND, Bar No. 171693
P. CASEY PITTS, Bar No. 262463
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: jdemain@altshulerberzon.com
skronland@altshulerberzon.com
cpitts@altshulerberzon.com

Attorneys for Defendant
SERVICE EMPLOYEES

JOINT CASE MANAGEMENT STATEMENT    10    CASE NO. 3:18-CV-04312-VC

INTERNATIONAL UNION, LOCAL 521

*/s/ Nancy J. Clark*
NANCY J. CLARK (S.B. #157839)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

Attorneys for Defendant
COUNTY OF SANTA CLARA

I, Richard C. Lin, am the ECF User whose ID and password are being used to file this JOINT CASE MANAGEMENT STATEMENT.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that counsel whose e-signatures appear on the foregoing page have concurred with this filing.

*/s/ Richard C. Lin*
Richard C. Lin