CAREN P. SENCER, Bar No. 233488
KERIANNE R. STEELE, Bar No. 250897
ERIC WIESNER, Bar No. 259672
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
1001 Marina Village Parkway, Suite 200
Alameda, California 94501
Telephone  (510) 337-1001
Fax  (510) 337-1023
E-Mail:  courtnotices@unioncounsel.net
         csencer@unioncounsel.net
         ksteele@unioncounsel.net
         ewiesner@unioncounsel.net

SCOTT A. KRONLAND, Bar No. 171693
JEFFREY B. DEMAIN, Bar No. 126715
P. CASEY PITTS, Bar No. 262463
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
E-Mail: skronland@altshulerberzon.com
        jdemain@altshulerberzon.com
        cpitts@altshulerberzon.com

Attorneys for Defendant SERVICE EMPLOYEES
INTERNATIONAL UNION, LOCAL 521

*Additional Counsel for additional Defendant listed on following page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE BERMUDEZ, et al.,<br><br>      Plaintiffs,<br><br> and<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, and COUNTY OF SANTA CLARA,<br><br>      Defendants. | No. 3:18-cv-04312-VC<br><br>**MOTION FOR ADMINISTRATIVE RELIEF REQUIRING MORE DEFINITE STATEMENT OF PLAINTIFF VIRGINIA VALDEZ'S CLAIM** |

JAMES R. WILLIAMS (S.B.#271253)
NANCY J. CLARK (S.B. #157839)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
Email: Nancy.Clark@cco.sccgov.org

Attorneys for Defendant
COUNTY OF SANTA CLARA

Pursuant to this Court's May 16, 2019 Minute Order, Civil Local Rule 7-11, and Federal Rules of Civil Procedure 10(b) and 12(e), Defendants SEIU Local 521 ("Local 521") and County of Santa Clara ("County") (collectively "Defendants") hereby move this Court to require Plaintiff Virginia Valdez to file a Second Amended Complaint containing a more definite statement of her claim that Defendants purportedly prevented her from resigning her membership in SEIU Local 521 and excluding facts and legal theories relevant solely to the claims this Court has already dismissed.[1]  Valdez should be required to provide this statement in order to permit Defendants to understand the facts that provide the basis for her claim and the legal theories Valdez is pursuing, to determine whether her claim is subject to a Rule 12 motion, and to develop an appropriate plan for litigating her claim.

Plaintiff Jorge Bermudez filed the original Complaint in this action on July 17, 2018. Dkt. #1.  Bermudez filed the First Amended Complaint on September 10, 2018, adding Plaintiffs Angelica Pedrozo and Virgina Valdez as additional plaintiffs.  FAC ¶¶2-3, Dkt. #21.

On December 5, 2018, Defendants moved for summary judgment with respect to the two claims they understood Plaintiffs to be asserting in this lawsuit—namely, the claims that former fair-share fee payers are entitled to recover the fees they paid prior to the Supreme Court's decision in *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448 (2018), and that individuals who paid membership dues prior to *Janus* are entitled to recover their pre-*Janus* dues because they would not have paid those dues absent the pre-*Janus* fair-share fee requirement. Dkt. #42.  In their opposition, Plaintiffs responded to Defendants' arguments with respect to those two claims but also contended that Valdez was pursuing a separate claim that the Defendants had limited the ability of Local 521's members to terminate their memberships in the union. Dkt. #48.  This Court granted summary judgment with respect to Plaintiffs' first two claims but denied summary judgment with respect to Valdez's membership termination claim, concluding that "the parties

---

[1] Valdez's Second Amended Complaint should be limited to her membership termination claim, and should not include any entirely new claims by Valdez or by the other Plaintiffs.

did not adequately address this issue in their papers." Dkt. #82, at 3.  The Court's denial of summary judgment was expressly made "without prejudice to either side filing an appropriate motion on this claim at a later date." *Id.*

Through this motion, Defendants seek an order requiring Valdez to file a Second Amended Complaint including a more definite statement of the facts giving rise to Valdez's membership termination claim and the legal theories Valdez is pursuing with respect to that claim.  Such an order is appropriate because Valdez's claim is not set forth with adequate specificity in Plaintiffs' First Amended Complaint, Dkt. #21.  Rather than relying on the facts actually alleged in the First Amended Complaint, Valdez appears to premise her claim on events that are referenced nowhere in the First Amended Complaint and that took place a year earlier than the events alleged in the First Amended Complaint.  *See* Dkt. #48, at 5.[2]  Further, Plaintiffs' First Amended Complaint does not identify the specific legal theories Valdez intends to pursue with respect to her membership termination claim, but instead combines that claim with the two now-dismissed claims.  Dkt. #21 ¶¶32-53 (setting forth Plaintiffs' causes of action without distinguishing Valdez's membership termination claim from the other claims Plaintiffs were pursuing).[3]  Valdez should be required to re-plead her membership termination claim in a Second Amended Complaint that includes the specific facts supporting her claim and that sets forth her legal theories in order to provide Defendants with an adequate opportunity to respond

---

[2] In opposing summary judgment, Plaintiffs contended that the allegations regarding Valdez's claim were set forth in paragraphs 13, 17, and 19 of their First Amended Complaint. *See* Dkt. #48, at 9.  In moving for summary judgment, however, Defendants provided undisputed factual evidence rebutting Valdez's allegation that Defendants had "obstructed and delayed Valdez's efforts to terminate her membership" in 2017—which was the only allegation in any of those paragraphs involving Valdez's alleged attempts to resign.  *See* Dkt. #42, at 5; Dkt. #46 ¶¶19-20; *see also* Dkt. #57, at 11-13.

[3] Although, in their opposition to Defendants' summary judgment motion, Plaintiffs asserted that the First Amended Complaint added a separate and distinct claim regarding Valdez's membership termination efforts to this lawsuit, the first three causes of action alleged in the First Amended Complaint were identical in all relevant respects to the first three causes of action alleged in the original Complaint (which was filed by Plaintiff Bermudez only), *compare* Dkt. #21 ¶¶32-49, *with* Dkt. #1 ¶¶24-40, and the new cause of action added in the First Amended Complaint (Plaintiffs' Unfair Competition Law claim) also did not distinguish Valdez's new membership termination claim from the other claims, *see* Dkt. #21 ¶¶50-53.

to that claim.  *See* Fed. R. Civ. Proc. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence … must be stated in a separate count or defense."); *see also Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) ("Separate counts will be required if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims.").

Requiring Valdez to file a Second Amended Complaint that sets forth her claim with specificity and that eliminates those factual and legal allegations that are relevant only to the claims this Court has already dismissed would not cause any prejudice to Plaintiffs.  Under well-established Ninth Circuit precedent, claims that have been dismissed on summary judgment need not be included in a subsequent amended complaint in order for the amending party to preserve its right to appeal the dismissal of those claims.  *USS-POSCO Industries v. Contra Costa County Bldg. & Const. Trades Council*, 31 F.3d 800, 811-12 (9th Cir. 1994); *see also Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.").

Accordingly, this Court should require Valdez to file a Second Amended Complaint setting forth the factual and legal allegations supporting her claim that Defendants improperly limited her ability to terminate her union membership, and eliminating all other factual and legal allegations not necessary to support that claim.

Dated:  May 28, 2019                                           WEINBERG, ROGER & ROSENFELD
                                                                                 A Professional Corporation


                                                        /s/ Caren P. Sencer
                                          By:      CAREN P. SENCER
                                                        KERIANNE R. STEELE
                                                        ERIC WIESNER

                                                        Attorneys for Defendant SERVICE EMPLOYEES
                                                        INTERNATIONAL UNION, LOCAL 521

ALTSHULER BERZON LLP

Dated: May 28, 2019   By:   /s/ P. Casey Pitts
    SCOTT A. KRONLAND
    JEFFREY B. DEMAIN
    P. CASEY PITTS

Attorneys for Defendant SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521


OFFICE OF THE COUNTY COUNSEL

Dated: May 28, 2019   By:   /s/ Nancy J. Clark
    NANCY J. CLARK

Attorneys for Defendant
COUNTY OF SANTA CLARA

**Signature Attestation**

Pursuant to Local Civil Rule 5-1(i)(3), I attest that concurrence in the filing of this document has been obtained from each of the above signatories.

Dated: May 28, 2019   By:   /s/ P. Casey Pitts
    P. CASEY PITTS