Christopher D. Banys (State Bar No. 230038)
Richard C. Lin     (State Bar No. 209233)
cdb@banyspc.com
rcl@banyspc.com
BANYS, P.C.
1030 Duane Avenue
Santa Clara, CA 95054
Telephone:  (650) 308-8505
Facsimile:  (650) 353-2202

Attorneys for Plaintiff Virginia Valdez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE BERMUDEZ, VIRGINIA VALDEZ, and ANGELICA PEDROZO, as individuals, and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, and COUNTY OF SANTA CLARA,<br><br>                    Defendants. | Case No. 3:18-cv-04312-VC<br><br>**[THIRD AMENDED] [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

Plaintiff Virginia Valdez ("Plaintiff") has filed a Motion for Preliminary Approval of the class action settlement reached with Defendants Service Employees International Union, Local 521 ("Local 521") and County of Santa Clara ("the County"), a hearing on which was held on January 9, 2020.  The Court has carefully considered the Settlement Agreement together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case.  The Court hereby gives its preliminary approval of the Settlement; finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable and adequate to allow dissemination of notice of the Settlement to the Settlement Class and to hold a Fairness Hearing; orders the Class Notice be sent to the Settlement Class in accordance with the Settlement Agreement and this Order; and schedules a Fairness Hearing to determine whether the proposed Settlement is fair, adequate and reasonable.

**IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms or phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2. The Court preliminarily approves the Settlement and Settlement Agreement, together with all of its Exhibits, finding that the terms of the Agreement are fair, reasonable, and adequate, and within the range of possible approval and sufficient to warrant providing notice to the Settlement Class.

3. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court certifies, for settlement purposes only, the following Settlement Class: "All public-sector members of Local 521 from September 10, 2015 through January 9, 2020 who: 1) submitted to Defendants a written request to terminate their membership with Local 521, and thereafter continued to have union dues deducted from their paychecks based on a temporal limitation on resigning from union membership, or 2) who submitted an Employee Authorization for Payroll Deduction of Union Dues or Service Fees form with the "Service Fee" box checked, and thereafter continued to have union dues deducted from their paychecks based on Local 521's policy of not treating such forms as indicating a request to resign from union membership."

4. The Court finds, for settlement purposes only, that the Action may be maintained as a class action on behalf of the Settlement Class because:

    a. Numerosity: Class Counsel estimates that approximately 183 individuals have potential claims and are members of the Settlement Class. This satisfies the Rule 23(a)(1) numerosity requirement.

    b. Commonality: The threshold for commonality under Rule 23(a)(2) is not high and a single common issue will suffice. Plaintiff alleges, among other things, that a time restriction that limits when members of Local 521 can terminate their union membership is illegal. This issue is common to the Settlement Class.

    c. Typicality: Plaintiff's claims are typical of the claims of the Settlement Class Members and satisfy Rule 23(a)(3).

        d.        Adequacy: There are no conflicts of interest between Plaintiff and Settlement Class members and Plaintiff has retained competent counsel to represent the Settlement Class.  Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter.  The adequacy requirement is satisfied.

        e.        Predominance and Superiority: There is predominance and superiority.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The common legal and factual issue listed in the preliminary approval papers predominate over all other issues.  Resolution of the common question constitutes a significant part of Plaintiff's and Settlement Class Members' claims.

5.        The Court appoints as class representative, for settlement purposes only, Plaintiff Virginia Valdez.  The Court finds, for settlement purposes only, that Plaintiff will adequately represent the Settlement Class.

6.        Pursuant to Federal Rule of Civil Procedure 23(g), and for settlement purposes only, the Court designates as Class Counsel the law firm of Banys, P.C.  The Court preliminarily finds that, based on the work Class Counsel have done identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in handling class actions and claims of this type asserted in this Action; Class counsel's knowledge of the applicable law; and the resources Class Counsel have and will commit to representing the class, that Class Counsel have represented and will represent the interests of the Settlement Class fairly and adequately.

7.        The Court appoints Local 521 as the Settlement Administrator, which shall administer the Settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

8. The Court finds that the proposed Class Notice and the proposed plan of distribution of the Class Notice meets the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), and hereby directs Local 521 to proceed with the notice distribution in accordance with the terms of the Agreement.

9. Any Settlement Class Members who wishes to opt out from the Agreement must do so within 60 days of the Mailed Notice Date and in accordance with the terms of the Agreement.

10. Any Settlement Class Members who wishes to object to the Agreement must do so within 60 days of the Mailed Notice Date and in accordance with the terms of the Agreement.

11. The Court finds that the Notice plan, including the form, content, and method of dissemination of the Class Notice to Settlement Class Members as described in the Settlement Agreement, (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the lawsuit and the Settlement and of their right to object to or exclude themselves from the proposed Settlement; (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) meets all applicable requirements of Federal Rule of Civil Procedure 23 and due process.

12. The Court approves the procedures set forth in the Settlement Agreement and the Notice of Settlement of Class Action for exclusions from and objections to the Settlement.

13. The Court directs that a hearing be scheduled on May 21, 2020 at 10:00 a.m. (the "Fairness Hearing") to assist the Court in determining whether the Settlement is fair, reasonable and adequate; whether Final Judgment should be entered dismissing with prejudice Defendants in the above-captioned action; whether Class Counsel's application for fees and expenses should be approved; and whether Class Counsel's request for an enhancement payment to Plaintiff should be approved. Plaintiff shall file a motion for final approval of the Settlement no later than 14 days before the Fairness Hearing.

14. Plaintiff may file motions for attorneys' fees, costs, and a class representative enhancement award. Such motions shall be filed no later than 35 days before the Exclusion/Objection Deadline, and the reply briefs on such motions shall be filed no later than 14 days before the Fairness Hearing.

15. Neither the Settlement, nor any exhibit, document or instrument delivered thereunder shall be construed as or deemed to be evidence of an admission or concession by Defendants of an interpretation of, any liability or wrongdoing by Defendants, or of the truth of any allegations asserted by Plaintiff, Settlement Class Members or any other person.

16. If the Settlement is not finally approved, or the Effective Date does not occur, or the Settlement is terminated under its terms, then (a) all parties will proceed as if the Settlement (except those provisions that, by their terms, expressly survive disapproval or termination of the Settlement) had not been executed and the related orders and judgment had not been entered, preserving in that event all of their respective claims and defenses in the action; and (b) all releases given will be null and void. In such an event, this Court's orders regarding the Settlement, including this Preliminary Approval Order, shall not be used or referred to in litigation for any purpose. Nothing in the foregoing paragraph is intended to alter the terms of the Settlement Agreement with respect to the effect of the Settlement Agreement if it is not approved.

//
//
//
//
//
//
//

17. The Court directs that the following deadlines are established by this Preliminary Approval Order:

    a. Mailed Notice Date: within 30 days of this Preliminary Approval Order.

    b. Opt-Out Deadline: 60 days after the Mailed Notice Date.

    c. Objection Deadline: 60 days after the Mailed Notice Date.

    d. Fairness Hearing: May 21, 2020 at 10:00 a.m.

**IT IS SO ORDERED.**

Date: January 15, 2020

_____
Hon. Vince Chhabria
United States District Judge

145529\1049389