Christopher D. Banys (State Bar No. 230038)
cdb@banyspc.com
BANYS, P.C.
567 Marsh St.
San Luis Obispo, CA 93401
Telephone:  (650) 308-8505
Facsimile:   (650) 353-2202

Attorneys for Plaintiff Virginia Valdez

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JORGE BERMUDEZ, VIRGINIA VALDEZ, and ANGELICA PEDROZO, as individuals, and on behalf of all others similarly situated,<br><br>                   Plaintiffs,<br>v.<br><br>SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 521, and COUNTY OF SANTA CLARA,<br><br>                   Defendants. | Case No. 3:18-cv-04312-VC<br><br>**[PROPOSED] ORDER GRANTING (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND (2) PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND SERVICE AWARDS** |

1  Two motions are before this Court: (1) Plaintiff Virginia Valdez ("Plaintiff") has filed a Motion for Final Approval of the class action settlement reached with Defendants Service Employees International Union, Local 521 ("Local 521") and County of Santa Clara ("the County"); and (2) Plaintiff has moved for an award of attorney fees, costs and an enhancement award.  The Court held a hearing on May 21, 2020.

The Court has carefully considered the motions together with all exhibits thereto, all the filings related to the Settlement, the arguments of counsel, and the record in this case.  The Court hereby finds that the Settlement and Settlement Agreement are sufficiently fair, reasonable and adequate. The Court further finds that the settlement class, as defined in the Court's preliminary approval order (Dkt. No. 120) satisfies the prerequisites for maintaining a class action under Federal Rule of Civil Procedure 23. The Court also finds that Plaintiff's request for attorney fees costs and service enhancement to be fair, reasonable and appropriate.

**IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for final approval of settlement is GRANTED.

2. Within 21 days after the distribution of the settlement funds and the first payment of attorneys' fees, the parties shall file a post-distribution accounting in accordance with this District's Procedural Guidance for Class Action Settlements.

3. Plaintiff's motion for attorney' fees, costs and enhancement payment is GRANTED.  The Court awards attorney fees in the amount of $24,731.45 and costs in the amount of $268.55, and a service award to Valdez of $500.00.

4. Five percent (5%) of the Attorney Fees ($1,250.00) shall be withheld and not distributed to Plaintiff's counsel until after the Post-Distribution Accounting is filed.

5. The Court finally approves the Settlement and Settlement Agreement, together with all of its Exhibits, finding that the terms of the Agreement are fair, reasonable, and adequate.

6. Pursuant to Fed. R. Civ. P. 23(a) and (b)(3), the Court certifies the following Settlement Class: "All public-sector members of Local 521 from September 10, 2015 through the Preliminary Approval Date who: 1) submitted to Defendants a written request to terminate their membership with Local 521, and thereafter continued to have union dues deducted from their paychecks based on a temporal limitation on resigning from union membership, or 2) who submitted an Employee Authorization for Payroll Deduction of Union Dues or Service Fees form with the "Service Fee" box checked, and thereafter continued to have union dues deducted from their paychecks based on Local 521's policy of not treating such forms as indicating a request to resign from union membership."

7. The Court finds that the Action may be maintained as a class action on behalf of the Settlement Class because:

    a. Numerosity: The Settlement Class contains 177 members. This satisfies the Rule 23(a)(1) numerosity requirement.

    b. Commonality: The threshold for commonality under Rule 23(a)(2) is not high and a single common issue will suffice. Plaintiff alleges, among other things, that a time restriction that limits when members of Local 521 can terminate their union membership is illegal. This issue is common to the Settlement Class.

    c. Typicality. Plaintiff's claims are typical of the claims of the Settlement Class Members and satisfy Rule 23(a)(3).

    d. Adequacy: There are no conflicts of interest between Plaintiff and Settlement Class members and Plaintiff has retained competent counsel to represent the Settlement Class. Class Counsel regularly engage in complex litigation similar to the present case and have dedicated substantial resources to the prosecution of this matter. The adequacy requirement is satisfied.

    e. Predominance and Superiority: There is predominance and superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The common legal and factual issues predominate over all other issues. Resolution of the common question constitutes a significant part of Plaintiff's and Settlement Class Members' claims.

1    8.  The Court appoints as class representative, Plaintiff Virginia Valdez.  The Court finds
2  that Plaintiff will adequately represent the Settlement Class.
3    9.  Pursuant to Federal Rule of Civil Procedure 23(g), the Court designates as Class Counsel
4  the law firm of Banys, P.C.  The Court finds that, based on the work Class Counsel have done
5  identifying, investigating, and prosecuting the claims in this action; Class Counsel's experience in
6  handling class actions and claims of this type asserted in this Action; Class counsel's knowledge of the
7  applicable law; and the resources Class Counsel has committed to representing the class, that Class
8  Counsel has represented the interests of the Settlement Class fairly and adequately.
9    10.  The Court retains jurisdiction over the implementation and enforcement of the
10  Agreement until each and every act agreed to be performed by the Parties has been performed.
11    **IT IS SO ORDERED.**

13  Date: _____

_____
Hon. Vince Chhabria
United States District Judge

[AMENDED][PROPOSED] ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS   3   CASE NO. 3:18-CV-04312-VC